IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>YOSHEIMAR FLORES-FUENTES,<br><br>                Defendant. | CASE NO. 1:12-CR-00244-AWI-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court will deny the defendant's motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the amount of methamphetamine involved in the case exceeded 14 kilograms of actual methamphetamine. Normally that quantity of methamphetamine would result in a base offense level of 38 based on the Drug Quantity Table in Section 2D1.1(c)(1) but, based on his minimal participation in the offense pursuant to Section 2D1.1(a)(5) (2012), the Court applied a base offense level 32. Under the amended Drug Quantity Table of Section 2D1.1, the base offense level for an offense involving more than 4.5 kilograms of actual methamphetamine remains 38. Applying the same reductions for the defendant's minimal participant role, the base offense level remains 32. At the established criminal history category of I, the defendant's sentencing range has not been lowered. Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 13, 2015                              _____
                                                          SENIOR DISTRICT JUDGE